THE UNITED STATES, APPELLANTS, *v.* DANIEL W. COXE AND OTHERS.

The principles affirmed in the cases of the United States *v.* King and others, 7 How. 833, and of the United States *v.* Turner's Heirs, 11 How. 663, again established.

THIS was an appeal from the district court of the United States for the eastern district of Louisiana.

In June, 1846, Coxe and thirteen others filed a petition in the district court, under the acts of Congress passed in 1824 and 1844, the purport of which acts has been so often explained in the preceding volumes of these reports, that it is unnecessary now to recapitulate it.

The United States pleaded the general issue; and the cause was tried, without the intervention of a jury, and judgment rendered in favor of the petitioners, on the 30th of May, 1849.

The United States prayed an appeal in open court, which was allowed on the 6th of June, 1849.

It was argued by *Mr. Cushing*, (attorney-general,) for the United States, who made only the following points, viz: —

Without any more particular statement of the law or the
4*

evidence of these cases, it is supposed that it will be sufficient to state, that the claim alleged by the petitioners was derived solely from the same " Maison Rouge grant," which has heretofore been fully considered and decided by this court, in the case of the United States *v.* King, &c., reported in 3 How. 773, and 7 How. 833.

This court having finally adjudged and determined in that case, that the " Maison Rouge grant," as it was called, conveyed no private right or property to the said Maison Rouge, and the petitioners claiming from him as the proprietors, in virtue of said grant, it must follow that the decrees in favor of the petitioners are erroneous, and ought to be reversed.

*Mr. Coxe,* for the appellees, filed an elaborate argument, in which he contended that the record was imperfect, and did not contain sufficient grounds for a reversal; that this imperfection was owing to the fault of the United States; that documents, which were necessary for the verification of the appellee's title, ought to be in the record, and were not there; that the rules of this court prescribe that no cause shall be heard until a complete record is filed; that, under the acts of 1824 and 1844, the proceedings in this case were to be conducted according to the rules of a court of equity, which require the entire case to be presented here as it was exhibited to the court below; that the presumption must be, where no error can be assigned on the face of the record, that the judgment of the court below was right; and that looking to evidence *dehors* the record, if such course is allowable, the facts and circumstances of the case require an affirmance of the decree.

In commenting upon the preceding decisions of this court, *Mr. Coxe* contended that they were pronounced upon a case at law, and made the following points :—

1. That we are now in a court of equity, and not of strict common law — a system unknown in Louisiana.

2. We are now entitled to the right, of showing that if by such a document as that bearing date in June, 1797, a title did not pass to the Marquis de Maison Rouge, as his private property, according to the laws of Spain; yet that, in conformity with the established usages of the Spanish government, it did.

3. That if the preceding position is denied, we have still the right to show that, under the circumstances now brought to the notice of this court, sitting as a court of equity, we are warranted in making it the foundation of an argument in favor of the present title of the appellees, wholly unaffected by any previous decision or even *dictum* of this court, of an adverse character.

Mr. Chief Justice TANEY delivered the opinion of the court.

This case cannot be distinguished from the case of United States *v.* King et al. 7 How. 833, and of United States *v.* Turner's Heirs, 11 How. 663.

The decree of the district court must therefore be reversed, and a mandate issued to the court below to dismiss the petition.

### *Order.*

This cause came on to be heard, on the transcript of the record, from the district court of the United States for the eastern district of Louisiana; and it appearing to the court that this case cannot be distinguished from the case of the United States *v.* King et al. 7 How. 833, and of the United States *v.* Turner's Heirs, 11 How. 663, it is thereupon now here ordered, adjudged, and decreed by this court, that the decree of the said district court in this cause be, and the same is hereby, reversed and annulled, and that this cause be, and the same is hereby, remanded to the said district court, with directions to dismiss the petition.